**Calvin HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–313–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 1986.

Leslie Kennedy, Houston, for appellant.

William Meitzen, John F. Healey, Jr., Richmond, for appellee.

Before PAUL PRESSLAR, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of the offense of indecency with a child and was sentenced to a term of seven years in the Texas Department of Corrections. The indictment alleges that on or about August 19, 1983, appellant, with intent to arouse and gratify his sexual desire, engaged in sexual contact with the complaining witness by touching her anus and vagina.

The victim is the six-year-old daughter of appellant's stepdaughter. In seven grounds of error (appellant abandoned two of his original nine grounds during oral submission), he appeals his conviction. We affirm.

Appellant argues in his first ground of error that the introduction over objection of seventeen photographs was harmful because they were "highly prejudicial, inflammatory and had no probative value on any material issue in the case." The photos depicted the nude victim in several suggestive poses. Appellant is a professional artist and has painted and taken photos of nude models on prior occasions. He argues that no timeframe had been established to show that these pictures were taken on or about August 19, 1983, the date of the alleged offense. Therefore, they could not be considered the res gestae of the offense and only showed appellant was guilty of an extraneous offense or of being a criminal generally. We disagree. The victim's mother testified that the photos depict her daughter as she appeared during the summer of 1983 and on August 19, 1983. Furthermore, the photos are admissible to show the intent of appellant to gratify his sexual desire and to show his unnatural attention or lascivious intent toward the victim. *See Lewis v. State*, 676 S.W.2d 136, 139–140 (Tex.Crim.App.1984), and cases cited therein. Appellant's first ground of error is overruled.

In his second ground of error appellant complains that the introduction by the state of two of appellant's drawings violated his fourteenth amendment right to due process as they were not the res gestae of the offense. These drawings depict older men being sexually gratified by young girls. Appellant's objection to the admission of the drawings at trial was that the proper predicate had not been laid and that the drawings were not relevant to the crime with which he was charged. Appellant's ground of error is not the same as the objection raised at trial. When a ground of error on appeal does not comport

with the objection urged at trial, nothing is preserved for review. *Vanderbilt v. State*, 629 S.W.2d 709, *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1981).

Even if appellant had properly preserved error for our review, the trial court was correct in admitting the drawings. Appellant testified that he took the photographs of the victim to aid him in his profession as an artist. To bolster this theory he introduced into evidence some of his other drawings and sketches. The state introduced the drawings in question *on rebuttal*. The drawings were properly admitted to rebut appellant's defensive theory that he photographed the victim for professional purposes and to show appellant's true intent to gratify his sexual desire. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972).

The case at bar differs from the situation presented in *Lewis v. State*, 676 S.W.2d at 136. The appellant in *Lewis* was also convicted of the offense of indecency with a child. However, in that case the court of criminal appeals held that the introduction during the state's case-in-chief of a magazine containing pictures of a young girl (not the complaining witness) in various stages of undress was error, though harmless. The *Lewis* court had previously determined that photographs of the nude *complainant* were admissible to show appellant's intent to gratify his sexual desire. The magazine, on the other hand, was held not to be relevant to any material issue in that case. It did little to show that appellant had the intent to gratify *his own* sexual desires. *Lewis v. State*, 676 S.W.2d at 140.

In the case before us, however, the trial court correctly admitted the state's exhibits. They were offered to rebut appellant's defensive theory that the photos were taken for artistic purposes and to show appellant had the intent to gratify his own sexual desire. Appellant's second ground of error is overruled.

Appellant complains in his third ground of error that his fourth amendment rights were violated when the court admitted the seventeen photos and two drawings seized from appellant's home. These items were taken by the police after a consent to search form was executed by appellant's wife. Appellant contends that the consent given by his wife was not voluntary. In *Brem v. State*, 571 S.W.2d 314 (Tex.Crim. App.1978), the court of criminal appeals reiterated the following principles:

The protections against warrantless searches and seizures may be waived by an individual's consent to a search. *Rice v. State*, 548 S.W.2d 725 (Tex.Cr.App. 1977); *Kolb v. State*, 532 S.W.2d 87 (Tex. Cr.App.1976). The burden of proof is upon the State to show that consent was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Rice v. State, supra*. Whether a consent to search was voluntary is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Rice v. State, supra.*

*Brem v. State*, 571 S.W.2d at 319.

Mrs. Hall testified at the suppression hearing that she had just been informed her husband had been arrested. She was upset and crying when the police arrived with the consent to search form. She further testified that several police officers and vehicles were in and around her home and that she was told by an officer to sign the form and was not informed that she could refuse to sign it. On cross-examination she testified that the officers were gentlemanly in their behavior and did not threaten her, that she was given the opportunity to read the consent form but did not, and that she was not coerced into signing the document.

Officer Lee, the policeman who obtained Mrs. Hall's signature, testified that she gave the officers free access to the residence. He further testified he told Mrs. Hall that appellant was under arrest and anything seized might be used against him in a criminal trial. She was informed that she was not required to consent to the search and that she could refuse to sign the form.

Kathleen Culpepper, the victim's mother and Mrs. Hall's daughter, testified that she was with her mother on the evening of the search. Mrs. Culpepper heard Officer Lee explain the consent form to her mother and tell her that she was not required to sign it. She also heard Mrs. Hall say that she understood the meaning of the consent form and that all her mother wanted was to have "all that filth" out of her house.

■ As was previously stated, the validity of Mrs. Hall's consent is a question of fact to be determined from the totality of the circumstances. *Brem v. State*, 571 S.W.2d at 319. *See also Kelly v. State*, 669 S.W.2d 720, 726 (Tex.Crim.App.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 362, 83 L.Ed.2d 298 (1984); *Paulus v. State*, 633 S.W.2d 827, 851 (Tex.Crim.App.1982) (opinion on state's motion for rehearing). At the hearing on the motion to suppress, the trial judge was the trier of the facts and the judge of the credibility of the witnesses and the weight to be given their testimony. *Kelly v. State*, 669 S.W.2d at 726. The testimony of Officer Lee and Mrs. Culpepper supports the trial court's conclusion that Mrs. Hall consented freely and voluntarily to the search. The judge was entitled to reject all or part of Mrs. Hall's testimony. *Id.* Based on the totality of the circumstances, we find that the trial court did not err in admitting into evidence the seventeen photos and two drawings seized pursuant to Mrs. Hall's consent.

Appellant contends further that the consent form was general, vague and unspecific. In *May v. State*, 618 S.W.2d 333 (Tex. Crim.App.1981) (en banc), the court of criminal appeals rejected an identical argument. Appellant's third ground of error is overruled.

■ In his fourth ground of error appellant argues that Articles 36.22 and 36.27 of the Texas Code of Criminal Procedure were violated when, after both sides had rested and before the jury retired, a juror informed the judge that he had seen several of appellant's witnesses conversing with one another. The juror stated that he did not hear what the witnesses said, but he nonetheless wanted to inform the court of what he perceived to be a violation of the trial judge's order that witnesses not discuss the case with anyone. Appellant argues that the trial court should have declared a mistrial as a result of these events.

Articles 36.22 and 36.27 apply *after* the jury has retired to deliberate. The juror in this case approached the judge prior to the preparation of the charge and before the jury had begun to deliberate. We find no error in the action of the trial court in conducting an in-chambers inquiry to determine what the juror may have overheard. The court reporter, the prosecutor and the defense counsel were present at this hearing. In response to the judge's question, the juror stated that he had formed no feelings of bias or prejudice against the defendant as a result of what he witnessed. We find the trial court did not err in failing to declare a mistrial. Ground of error four is overruled.

■ Appellant complains in his fifth ground of error that several of the prosecutor's comments to the jury were outside the scope of permissible jury argument and violated his right to due process. Appellant failed to object to the arguments at time of trial and is complaining of the alleged errors for the first time on appeal. The general rule is that any impropriety in the state's argument is waived by appellant's failure to make a proper and timely objection. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982), and cases cited therein. An exception to this general rule occurs where the argument of the prosecutor is so prejudicial that an instruction to disregard will not cure the harm. *Id.* We have reviewed the arguments of the prosecutor and find that they are either reasonable deductions from the evidence or valid pleas for law enforcement. As such, they are within the scope of proper jury argument. *See Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). Moreover, even if the arguments could be characterized as improper, they are not so prejudicial that an instruction from the court could not have cured them. *Romo v. State*, 631

S.W.2d at 506. Appellant's fifth ground of error is overruled.

■ Appellant alleges in his next ground of error that, absent the wrongfully admitted photos and drawings, there was no evidence to convict appellant. Since we have concluded that the photos and drawings introduced by the state were properly admitted, we must disagree with appellant's contention. The photos and drawings provide ample proof of appellant's intent to gratify his sexual desire. *See McKenzie v. State*, 617 S.W.2d 211 (Tex. Crim.App.1981). Moreover, the testimony of the victim that appellant touched her anus and vagina, that the touching lasted long enough to hurt her and that, when she returned to the bed after going to the bathroom, appellant touched her anus and vagina again supports the jury's finding of guilt. This ground of error is overruled.

■ In his final ground of error appellant argues that the trial court denied him the effective assistance of counsel because it refused to grant his motion for continuance based on the court's failure to make a formal ruling on appellant's pretrial discovery motions. He complains specifically that because the court failed to make a prompt, formal ruling on his pretrial discovery motions, appellant's counsel was unable to view the property seized from the search of appellant's home until three days before the trial was to begin. Furthermore, counsel for appellant was not shown the photos and drawings to be used by the state until the morning of trial. Appellant claims these circumstances rendered his counsel's assistance ineffective.

The right to effective assistance of counsel merely insures the right to reasonably effective assistance. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984) (en banc), and cases there cited. It does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Id.* Viewing the totality of his representation, appellant has failed to demonstrate that the court's denial of his motion for continuance based on the lack of a formal ruling on his pretrial

discovery motions rendered his counsel's assistance ineffective. In the first instance, we note that the motion for continuance was unsworn. Motions for continuance must be sworn to. Tex.Code Crim. Proc.Ann. art. 29.08 (Vernon Supp.1986). The judge did not abuse his discretion in overruling the motion. *Loftis v. State*, 433 S.W.2d 704 (Tex.Crim.App.1968).

Furthermore, it is well settled that a defendant does not have a general right to the discovery of evidence in the possession of the state. *Whitchurch v. State*, 650 S.W.2d 422 (Tex.Crim.App.1983) (en banc). The decision as to what is discoverable is within the discretion of the trial court. The standard for determining whether the court abused its discretion is whether the evidence sought is *material to the defense* of the accused. *Id. See also Quinones v. State*, 592 S.W.2d 933, *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121, *reh'g denied*, 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980). The photos and drawings introduced by the state in the case at bar were not material to the *defense* of the accused. Moreover, the trial court did not *deny* appellant's pretrial discovery motions—appellant simply failed to get a formal ruling on them. There was no abuse of discretion. Further, appellant's counsel announced ready the day after she requested the continuance and gave no indication at that time that she needed additional time to discover the state's evidence. Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.