Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



DONALD JEFFERSON BRADSHAW,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00022-CR

Appeal from the

336th District Court

of Grayson County, Texas

(TC# 047697)




O P I N I O N

           This is an appeal from jury convictions for one count of aggravated sexual assault of
a child and two counts of indecency with a child. The jury assessed punishment at thirty’
years imprisonment and $10,000 fine for the aggravated sexual assault of a child count, and
ten years’ imprisonment and a $5,000 fine for the two counts of indecency with a child. We
affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           In July of 2000, an investigation began concerning possible physical neglect of the
complaining witness and her siblings in Denison, Texas. They resided at the Cardinal Inn
in Denison. The investigation concerned Appellant, a female companion, and four children. 
The children were referred to their pediatrician, Dr. Jeannine Hatt. Based upon the doctor’s
report that sexual abuse might be involved, a criminal investigation was commenced. Dr.
Hatt testified that in July of 2000, she examined the complaining witness and found a deep
notch in the complaining witness’s hymen which was strongly suggestive of a penetrating
injury. Dr. Hatt referred the complaining witness to a sexual abuse nurse examiner. The
results of that examination revealed that penetration of the hymen had occurred that was
indicative of sexual assault.
           Sue Jennings, the complaining witness’s therapist, testified that she first saw the
complaining witness on September 21, 2000. The complaining witness was eight years old
at the time.
           Lisa Robinson, a foster-care parent, testified the complaining witness came to live
with her in July of 2000. While driving in Robinson’s van, the complaining witness told her
that her father had sexually abused her. Robinson took the complaining witness to CPS for
a video interview.
           Prior to the complaining witness’s testimony, the court examined her regarding her
competence to testify. She stated that she was eleven years old at that time. Her testimony
occurred on April 2, 2003. She was then sworn in.
           The complaining witness testified that she had lived with her mother and father and
brothers and sister at the motel room in Denison. She related that Appellant had touched her
private parts both inside and out in the bathroom of the motel room. Appellant told her not
to tell anyone. No one else was in the apartment. She had her clothes on.
           The complaining witness’s brother stated that he witnessed Appellant touching the
complaining witness in her private parts in the bathroom. He was trying to get her pants
down and he got them off. He was hiding behind the door and the complaining witness did
not see him.
           The complaining witness’s mother testified on Appellant’s behalf. She stated that
Appellant was the complaining witness’s biological father. She had been with Appellant for
fourteen years. She testified that during this time, he had never been alone with the
complaining witness. She stated that Appellant could not have committed the sexual acts
without her knowledge, and she would have reported Appellant to the authorities if she knew
of such acts. The witness testified that Appellant had never bathed the complaining witness. 
                                                        II. DISCUSSION
           In Issue No. One, Appellant asserts that the evidence is legally and factually
insufficient to support the conviction in Count One of the indictment.


 Specifically,
Appellant argues that the State failed to prove the requisite age of the complaining witness. 
           In reviewing the legal sufficiency of the evidence, we are constrained to view the
evidence in the light most favorable to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the application
paragraph of the charge to the jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim.
App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987). More
particularly, sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 239-40 (Tex. Crim. App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843 (quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d).
           In conducting a factual sufficiency review, we view the evidence in a neutral light to
determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. 
We set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. 
App. 2004). However, our factual sufficiency review must be appropriately deferential so
as to avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996). Accordingly, we are authorized to set aside the jury’s
finding of fact only in instances where it is manifestly unjust, shocks the conscience, or
clearly demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to
the trial court for a new trial. Id. at 133-35.
           Appellant contends that the only evidence of the complaining witness’s age came out
when the court conducted the competency examination and she stated she was eleven years
old. Appellant reasons that as the complaining witness was not sworn until after she made
that statement, there is insufficient competent evidence to show that the complaining witness
was younger than fourteen years of age at the time of the offense.
           We note initially that the therapist, Sue Jennnings, testified that on September 21,
2000, the complaining witness was eight years old. Notwithstanding that, Appellant made
no objection to the fact the witness was not sworn. Under the rules of evidence, every
witness shall be required, by oath or affirmation, to declare that the witness will testify
truthfully. Tex. R. Evid. 603. The right to have a witness sworn can be waived. Beck v.
State, 719 S.W.2d 205, 213 (Tex. Crim. App. 1986). By failing to object to unsworn
testimony before the close of the trial, a defendant waives the right to have a witness sworn. 
Castillo v. State, 739 S.W.2d 280, 297 (Tex. Crim. App. 1987) (objection is too late if made
after the verdict). Appellant has not preserved his contention on appeal.
           Appellant also maintains that the court violated Texas Rule of Evidence 605 by
testifying as a witness when he questioned the complaining witness concerning her
competency. Rule 605 provides, “The judge presiding at the trial may not testify in that trial
as a witness. No objection need be made in order to preserve the point.” Tex. R. Evid. 605. 
Rule 605 is implicated when a trial judge steps down from the bench and becomes a witness. 
See Hensarling v. State, 829 S.W.2d 168, 171 (Tex. Crim. App. 1992). This rule not only
prohibits direct testimony by the judge but also testimony which “is the functional equivalent
of witness testimony.” Hammond v. State, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990),
cert. denied, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1076 (1991). In Hammond, the
presiding judge had the clerk of the court contact the jurors to tell them that the defendant
had absconded, but they were to report to the court the next morning notwithstanding the
defendant’s disappearance. Id. In addressing this communication as a Rule 605 violation,
the Court of Criminal Appeals held that the judge’s statement, while not in evidence at the
time, served a judicial purpose unrelated to any desire to present unsworn testimony to the
jurors. As such, Rule 605 was not violated. Id. at 746-47. We find that the complained-of
questioning in the instant case served a judicial function in that it provided for the court to
determine the competency of the witness and it was not a situation where the judge stepped
down to testify.
           As there was evidence properly before the jury indicating that the complaining witness
was less than fourteen years of age at the time of the offense, we find that the evidence is
legally and factually sufficient to support the conviction in Count One of the indictment. 
Issue No. One is overruled.
           In Issue Nos. Two and Three, Appellant maintains that the evidence is legally and
factually insufficient to support the conviction in Counts Two and Three because there is
insufficient evidence demonstrating that Appellant acted with the intent to arouse or gratify
his sexual desire.



           Appellant argues the evidence is insufficient to show intent to arouse or gratify sexual
desire because the record contains no evidence of an erection or repeated touching or other
siblings being molested.


 Intent is a question of fact and may be inferred from the acts,
words, and conduct of the accused. Wallace v. State, 52 S.W.3d 231, 234 (Tex. App.--El
Paso 2001, no pet.) (citing Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)).
Under section 21.11(a) of the Texas Penal Code, “the requisite specific intent to arouse or
gratify the sexual desire of any person can be inferred from the defendant’s conduct, his
remarks and all surrounding circumstances.” McKenzie v. State, 617 S.W.2d 211, 216 (Tex.
Crim. App. 1981) (citing Bowles v. State, 550 S.W.2d 84, 85-86 (Tex. Crim. App. 1977);
Turner v. State, 600 S.W.2d 927 (Tex. Crim. App. 1980)); see Lewis v. State, 676 S.W.2d
136, 139 (Tex. Crim. App. 1984) (“The intent element in this case can only be proved by
inferences from the evidence presented.”). No oral expression of intent is necessary, nor is
visible evidence of sexual arousal required. McKenzie, 617 S.W.2d at 216.
           In the present case, there is testimony that Appellant told his daughter not to tell
anyone of the incident. Furthermore, there was testimony that Appellant had never bathed
the complaining witness or had any pattern of caring for the complaining witness which
might allow for some kind of accidental touching. Furthermore, there was testimony to the
effect that the injury to the complaining witness’s hymen was indicative of sexual assault and
not some accidental occurrence. Certainly, the evidence is legally sufficient to support the
conviction.
           Regarding the factual sufficiency of the evidence, we do not find that the testimony
of the mother was so strong as to show that the State did not meet the beyond-a-reasonable-doubt standard. There were two witnesses to the incident, and the suggestion that Appellant
was never in a situation where he was alone with his daughter was not particularly credible. 
We find the evidence is factually sufficient to support the conviction. Accordingly, Issue
Nos. Two and Three are overruled in their entirety.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

August 31, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)