Opinion issued February 12, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00818-CR






JAMES WESLEY HOWARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 38776






MEMORANDUM OPINION


 A jury convicted appellant, James Wesley Howard, of indecency with a child. (1)
After finding one enhancement allegation true, the jury sentenced appellant to life in
prison and assessed a $10,000 fine. In two points of error, appellant argues that the
evidence is legally and factually insufficient to support his conviction.

 We affirm.

Background On February 25, 2000, appellant attended a barbeque at Suzann Hadden's
home. Appellant and Ms. Hadden were dating at the time. Ms. Hadden and her three
children, including her daughter, A.C., who was eight years old at the time, had
recently moved to a new house in Liverpool, Texas. Appellant and Ms. Hadden's
father had been drinking together before arriving at Ms. Hadden's house that day. 

 Following the barbeque, appellant, Ms. Hadden, Ms. Hadden's father, and A.C.
went into the house. Around midnight, Ms. Hadden went to sleep in her bedroom. 
After Ms. Hadden went to sleep, Ms. Hadden's father, A.C.'s grandfather, fell asleep
on the sofa. A.C. stated she was scared to sleep alone and asked appellant if she
could sleep in her mother's bed with appellant and Ms. Hadden. Appellant gave A.C.
permission and went into the bathroom to change into clothes for sleeping. Ms.
Hadden was still asleep on the right side of the bed, appellant lay next to her in the
middle, and A.C. lay on the left.

 A.C., who was 16 years old at the time of trial, testified that after she fell
asleep, she awakened on her back with her legs spread. Appellant's hands were up
her shorts and touching her vagina. A.C. said appellant had his hand "around . . . the
clitoris area," but did not penetrate her vagina with his finger. Appellant took his
hand away and put it back several times. A.C. testified that she could not see
appellant and did not know what he was doing, but it sounded like he could have been
putting his fingers into his mouth. After A.C. rolled away from appellant onto her
side, appellant put his hand up her shirt and "fondled" her breasts for a few seconds. 

 A.C. then left the bedroom and walked into the living room to lie down on a
bean bag chair next to her grandfather, who did not wake up during these events. 
A.C. testified that appellant then came out of the bedroom and asked if she was
coming back to bed. A.C. replied that she was going to sleep next to her grandfather
on the bean bag chair. Appellant asked A.C. if "she was sure" twice, to which A.C.
replied that she was. Appellant returned to the bedroom, where he remained for the
rest of the night. 

 Early the next morning, Ms. Hadden left for work while everyone in the house
was still asleep. A.C. stayed home during the day with her grandfather and appellant. 
When Ms. Hadden arrived home from work, A.C. told her mother what had happened
the previous night. Ms. Hadden then confronted appellant, who denied the allegation.

 After the confrontation, appellant went inside to help Ms. Hadden's father with
a TV. He then left the house, saying he had to make some phone calls. A few hours
later, appellant telephoned Ms. Hadden. During the conversation, Ms. Hadden asked
appellant to return to the house so they could talk. The telephone call was the last
communication between Ms. Hadden and appellant.

Indecency with a Child


 In his first point of error, appellant argues that the State's evidence is legally
insufficient to support the jury's verdict of guilt. Specifically, appellant claims that
the evidence failed to show he engaged in sexual contact with A.C. "with the intent
to arouse or gratify his sexual desire." 

Legal Sufficiency

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). Although our analysis considers all the
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562.

 A person commits indecency with a child if he engages in sexual contact with
a child younger than 17 years old who is not that person's spouse. Tex. Penal Code
Ann. § 21.11(a)(1) (Vernon 2003). "Sexual contact," as defined within this section,
means "any touching by a person, including touching through clothing, of the anus,
breast, or any part of the genitals of a child." Id. § 21.11(c)(1). An essential element
of indecency with a child is the requisite mental state that accompanies the conduct:
the "intent to arouse or gratify the sexual desire of any person." Id. § 21.11(c);
McKenzie v. State, 617 S.W.2d 211, 213 (Tex. Crim. App. 1981). 

 This requisite specific intent may be inferred from the defendant's conduct,
remarks, and all surrounding circumstances. McKenzie, 617 S.W.2d at 216. 
Furthermore, the uncorroborated testimony of a child victim alone is sufficient to
support a conviction for indecency with a child. Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005); Lee v. State, 176 S.W.3d 452, 458 (Tex. App.--Houston
[1st Dist.] 2004), aff'd, 206 S.W.3d 620 (Tex. Crim. App. 2006).

 A jury could have inferred appellant's intent from A.C.'s testimony alone. 
A.C. testified that appellant touched her breasts and vagina. This testimony was
sufficient for the jury to infer that appellant engaged in sexual contact with the intent
to arouse or gratify his sexual desire. See Lee, 176 S.W.3d at 458; see also McKenzie,
617 S.W.2d at 216 (holding that testimony of appellant's conduct was sufficient to
permit deduction of intent).

 Appellant contends the only evidence allowing an inference of intent was
A.C.'s testimony, and because that testimony did not prove he was aware or
conscious, it failed to show intent. However, evidence of appellant's conduct after
the offense also constitutes evidence of his intent. See Perales v. State, 226 S.W.3d
531, 535 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd). A.C. testified that
appellant followed her into the living room after she left the bedroom and repeatedly
asked her if she wanted to return to bed. Appellant's conduct could have led a jury
to infer that appellant was awake during the offense and that appellant attempted to
continue his assault on A.C. See Lewis v. State, 676 S.W.2d 136, 139 (Tex. Crim.
App. 1984) ("[E]vidence is admissible if it establishes . . . unnatural attention, or . .
. lascivious intent toward the victim."). Additionally, after being confronted by the
victim's mother, appellant left and never returned. The jury could have inferred that
appellant's sudden flight was an attempt to escape guilt. Lee, 176 S.W.3d at 462
("Evidence of flight . . . is admissible as a circumstance from which an inference of
guilt may be drawn."). We conclude that the evidence of appellant's conduct during
and after the offense presented by the State was sufficient for the jury to infer intent.

 Appellant also argues that, because the State presented no evidence of
inculpatory statements or extraneous sexually suggestive behavior by appellant, the
jury could not have found the requisite intent beyond a reasonable doubt. By pointing
out behavior that appellant did not exhibit, along with scenarios in which appellant
could have assaulted A.C. more conveniently, appellant contends that the State failed
to show sufficient proof of intent. However, "[s]imply because cases exist in which
more extreme conduct occurred--that is, in which intent to arouse or to gratify sexual
desire could be more easily inferred--does not mean that a jury could not have
inferred intent from the facts of this case." Perales, 226 S.W.3d at 535. Therefore,
we conclude that the evidence is legally sufficient to show intent.

 We overrule appellant's first point of error. 

Factual Sufficiency 

 In his second point of error, appellant argues that proof of intent was so weak
that a rational trier of fact could not have found him guilty. In point of error one,
appellant argued there was a lack of evidence to prove the element of intent because
there was no proof he was awake or aware during the offense. Appellant returns to
this argument for additional support under point of error two.

 A factual sufficiency review requires us to view all of the evidence in a neutral
light and to ask whether the jury was rationally justified in finding guilt beyond a
reasonable doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).
Evidence is factually insufficient (1) when the evidence supporting the conviction is
so weak that the verdict seems clearly wrong and manifestly unjust or (2) when the
evidence supporting the conviction is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong and
manifestly unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); see
Sanchez v. State, 243 S.W.3d 57, 72 (Tex. App.--Houston [1st Dist.] 2007, pet.
ref'd).

 We cannot reverse when the greater weight and preponderance of the evidence
actually favors conviction. Roberts, 220 S.W.3d at 524. And we may not substitute
our judgment for that of the jury merely because we would have reached a different
result. Watson, 204 S.W.3d at 414. Instead, the record must show some objective
basis for concluding that the great weight and preponderance of the evidence
contradicts the jury's verdict. See id. at 417.

 In conducting a factual-sufficiency review, we must discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 In Jones v. State, a child victim's testimony was found legally and factually
sufficient to support the jury's guilty verdict for attempted indecency with a child. 
229 S.W.3d 489, 498 (Tex. App.--Texarkana 2007, no pet.). The child victim in
Jones testified that the appellant inappropriately touched her while she was trying to
sleep. Id. at 496. The appellant denied that he had an intent to touch the child,
claiming he was not awake when the touching occurred. Id. at 497. In that case, the
court deferred to the trial court's decision, giving "deference to the responsibility of
the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts." Id. at 495.

 On appeal, appellant does not dispute A.C.'s testimony that he touched her. 
Here, just as in Jones, appellant argues that A.C.'s testimony was insufficient for a
rational finding of intent because it does not prove that he was awake or conscious
during the offense. Appellant attempts to disprove intent by offering other
explanations for the conduct set forth as evidence by the State. In this case, the jury
is the sole judge of conflicting arguments and may draw their own conclusions after
weighing all of the evidence. See id. at 497; see also Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000). The jury's verdict of guilt was a reasonable deduction
from the evidence presented at trial.

 Appellant additionally argues that the jury was swayed by the emotional
testimony of a young child instead of considering all the evidence in a neutral light. 
As discussed above, the fact finder is the sole judge of credibility accorded to any
witness's testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
Thus, the jury was entitled to infer intent through the victim's testimony of
appellant's conduct. See Lee, 176 S.W.3d at 458. We hold that the evidence is
factually sufficient to show that appellant acted with the intent to arouse or gratify his
sexual desire.

 We overrule appellant's second point of error.





Conclusion

 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).
1. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003).