**Alfred RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–283–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 30, 1989.

Joh Mustachio, Houston, for appellant.

Jerry Cobb, Crim. Dist. Atty., and Gwinda Burns, Asst. Dist. Atty., Denton, for State.

Before HILL, FARRIS and KELTNER, JJ.

OPINION

HILL, Justice.

Alfred Rodriguez appeals his conviction by a jury for the offense of aggravated sexual assault of a child under the age of fourteen. The jury assessed his punishment at life imprisonment in the Texas Department of Corrections. In five points of error, Rodriguez contends that the trial court erred: (1) in admitting evidence of extraneous offenses; (2) in denying his request for a jury instruction that the jury not consider the extraneous offenses in assessing his punishment; (3) in attempting to pronounce a cumulative sentence for the defendant in the punishment stage; (4) in admitting the hearsay evidence of com-

plainant's school counselor; and (5) in admitting hearsay evidence of other witnesses.

We reverse and remand for a new trial on punishment only, because we find that the trial court did not err in admitting the evidence complained of in all points of error by Rodriguez, but we do find that the trial court erred in failing to instruct the jury not to consider evidence of extraneous offenses in assessing Rodriguez's punishment. In light of the new trial on the issue of punishment, we need not determine Rodriguez's point of error dealing with the cumulation of his sentence, because we do not expect the error complained of to be repeated on remand. We find beyond a reasonable doubt that any error in admitting into evidence any hearsay testimony did not contribute to Rodriguez's conviction or to the punishment assessed.

Rodriguez contends in point of error number one that the trial court erred in admitting testimony of non-sexual abuse of the complainant, his daughter. The State presented evidence of a long history of abuse directed by Rodriguez toward his daughter, both sexual and non-sexual, as well as some evidence of abuse of her brothers and sisters. Rodriguez acknowledges that while evidence of the sexual abuse of the complainant might be admissible, he contends that evidence of non-sexual abuse of her, as well as any abuse of the other children, should have been excluded.

Although the State is generally prohibited from proving prior specific acts of misconduct, the State may introduce evidence of an accused's extraneous misconduct upon a showing both that the evidence is relevant to a material issue in the case and that the probative value of the evidence outweighs its inflammatory or prejudicial potential. *Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985).

In this case, there was an issue of why the complainant, who was fifteen at the time of trial, had not only failed for a long time to make an outcry but had failed to reveal that anything had happened when questioned by authorities. The evidence in question was highly relevant to that issue, because it included threats made by Rodriguez as to what would happen if the complainant were to tell the truth about what happened, as well as evidence showing that he was capable of carrying out those threats. We hold that such evidence, which would explain the basis of the complainant's fear to come forth to reveal Rodriguez's previous actions toward her, was properly admitted. If there were any instances of evidence of abuse toward others of which the complainant was unaware, or evidence of abuse which occurred after the act alleged in the indictment, such evidence would not be relevant to this issue and should have been excluded. However, we hold that in view of the entire record, including the evidence which we have held to be properly admitted, we find beyond a reasonable doubt that such evidence did not contribute to Rodriguez's conviction or punishment.

Rodriguez relies in part on the language in *Boutwell v. State*, 719 S.W.2d 164, 178–79 (Tex.Crim.App.1985), which indicates that such evidence is not properly admitted to show the probability that a defendant committed the act charged or to show a lustful disposition or propensity to commit such a crime. The court in *Boutwell* also stated that extraneous sex offenses, even if inadmissible as propensity evidence, might be admissible under a proper analysis and a proper rationale. *Id.* at 179. We hold that is the case here, for the reason stated. We overrule point of error number one.

Rodriguez asserts in point of error number two that the trial court erred in denying his requested jury instruction in the punishment charge which would have instructed the jury not to consider extraneous offenses, but to assess punishment only upon the allegation of aggravated sexual assault. Instead, the jury was instructed that in fixing Rodriguez's punishment, they could take into consideration all of the facts shown by the evidence admitted before them.

Generally, an instruction limiting a jury's consideration of certain evidence is not required when the evidence is admissi-

ble to prove a main fact in the case. *Porter v. State,* 709 S.W.2d 213, 215 (Tex.Crim. App.1986). If, however, evidence is offered for a specific purpose, the defendant is entitled upon proper request to a charge limiting the jury's consideration of that evidence to the purpose for which it was offered. *Id.* If the trial court fails to give such a proper limiting instruction, reversible error arises. *Id.* at 216.

■ We have found that the evidence of extraneous offenses admitted into evidence in this case was properly admitted to explain the reason why the complaining witness was not forthcoming to authorities with respect to the conduct of Rodriguez. The evidence was not admitted to prove any main fact issue in the case. Accordingly, we sustain Rodriguez's point of error number two.

Rodriguez contends in point of error number three that the trial court erred in cumulating his sentence with a sentence he had previously received in another case, because of insufficient evidence to sustain a cumulation. In view of our determination of point of error number two, we need not make a determination of point of error number three.

In points of error numbers four and five, Rodriguez argues that the trial court erred by admitting certain hearsay testimony into evidence. We have examined the instances Rodriguez complains of and find beyond a reasonable doubt that any error in the admission of such testimony did not contribute to Rodriguez's conviction or the punishment assessed. We overrule points of error numbers four and five.

We reverse for a new hearing on punishment in accordance with TEX.CODE CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp. 1989).