Matthew Joseph CROSSMAN,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–255–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 13, 1990.

**322**

Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

## OPINION

BENAVIDES, Justice.

A jury found Matthew Joseph Crossman guilty of aggravated sexual assault and assessed punishment of twenty-five years in the Texas Department of Corrections. By ten points of error, appellant complains of reversible error in both the guilt-innocence and punishment phases of trial. We affirm the judgment of the trial court with regard to guilt and remand the cause to the trial court for a retrial on punishment.

Appellant was indicted on two counts: (1) aggravated sexual assault on or about February 19, 1988, by intentionally and knowingly causing his sexual organ to penetrate the female sexual organ of his stepdaughter, L; and, (2) indecency with a child on or about December 27, 1987, by touching the breasts and genitals of his stepdaughter, L, with the intent to arouse and gratify his sexual desire. Appellant was adjudged guilty of both counts, but appeals only his conviction for aggravated sexual assault.

By his first and second points of error, appellant contends that the trial court erred in admitting evidence of appellant's extraneous offenses because: (1) they were not relevant since their prejudicial effect outweighed their probative value; and (2) there was no issue before the court justifying their admission. At trial, all of the State's witnesses testified with varying detail regarding various extraneous offenses of sexual abuse appellant committed against L. As the complaining witness began to testify regarding the extraneous offenses, appellant's attorney objected to the introduction of extraneous offenses. The trial court sustained the objection. As L's school counselor began to testify regarding instances of sexual abuse which L had related to her, appellant's attorney objected. After argument by counsel in which the State asserted that the evidence was relevant to show appellant's lust for the child victim, the court overruled appellant's objection and allowed the testimony. Subsequently, as each of the remaining State witnesses begin to testify regarding other instances of appellant's sexual abuse of L, appellant's attorney objected to each

witness's testimony. In each case, other evidence of extraneous offenses was admitted over appellant's attorney's objection.

■ "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Tex.R.Crim.Evid. 403. Evidence is admissible unless the probative value of that relevant evidence is substantially outweighed by the danger of unfair prejudice. *Montgomery v. State,* Nos. 1090–88 & 1091–88 (Tex.Crim.App., May 30, 1990) (not yet reported); *Crank v. State,* 761 S.W.2d 328, 342 n. 5 (Tex.Crim. App.1988); *Rodda v. State,* 745 S.W.2d 415, 417–18 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). This court cannot set aside a trial court's ruling absent a showing in the record that the trial court has abused its discretion. *Montgomery,* slip op. at 16.

■ Evidence of similar sexual assaults by the accused adult on a minor complainant is admissible, particularly in cases which involve abnormal sexual conduct by a father, or one in loco parentis, towards a minor. *Pacheco v. State,* 764 S.W.2d 388, 389 (Tex.App.—Amarillo 1989, no pet.); *see also Meyers v. State,* 737 S.W.2d 6, 9 (Tex. App.—Corpus Christi 1987, no pet.). This evidence is admitted in order to shed light upon the charged act by showing the relation and mutual disposition of the parties, as well as to make the child's accusation more plausible. *Meyers,* 737 S.W.2d at 9; *see also Boutwell v. State,* 719 S.W.2d 164, 178–79 (Tex.Crim.App.1985) (on motion for rehearing). The extraneous acts are more probative than prejudicial in such a context. *Boutwell,* 719 S.W.2d at 176; *Meyers,* 737 S.W.2d at 9.

Additionally, in cases of prosecution for indecency with a child, evidence of extraneous acts with that child are admissible as relevant to the defendant's lascivious intent to gratify his own sexual desire. *Lewis v. State,* 676 S.W.2d 136, 139–41 (Tex.Crim. App.1984); *Valenciano v. State,* 705 S.W.2d 339, 342 (Tex.App.—San Antonio 1986, pet. ref'd), *cert. denied,* 484 U.S. 861, 108 S.Ct. 177, 98 L.Ed.2d 130 (1987); *see also Hall v. State,* 711 S.W.2d 108, 111 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). The admission of the extraneous acts achieves an objective inference that the more often a defendant touched the complaining witness, the less likely it is that each touching occurred accidentally, and consequently, the more likely it is that in touching the complaining witness in the indicted offense, the defendant harbored a guilty intent. *See Morgan v. State,* 692 S.W.2d 877, 882 (Tex.Crim.App.1985).

■ The decision whether to admit or exclude evidence of extraneous offenses can only be made after logical analysis and should never be made automatically or mechanistically. *Pacheco,* 764 S.W.2d at 389. Every case must be examined on its own facts, strengths, and weaknesses to determine whether the extraneous transaction is relevant to a material issue. *See Boutwell,* 719 S.W.2d at 174. Each case must also be examined to determine whether the prejudicial potential substantially outweighs the probative value of the evidence. The potential prejudice to a defendant is that he may be tried either for a crime which he has not committed or as a person predisposed toward criminal conduct generally, without regard to the particular offense for which he is indicted. *Pacheco,* 764 S.W.2d at 389.

■ In this case, an essential element of the charge of indecency with a child was appellant's intent to gratify his own sexual desire. By arguing that the extraneous offenses should be introduced in order to show the lust that appellant had for L, the State was attempting to prove appellant's intent to gratify his own sexual desires. This evidence of the extraneous offenses was relevant and material to the issue of intent in the charged offense of indecency with a child and was therefore admissible. Further, we note that the trial court's charge specifically limited the use of the extraneous offenses to the element of intent in the charge on indecency with a child by instructing the jury in the charge for aggravated assault that they could only consider the extraneous offenses in determining the lust of the defendant for the victim, if any, in connection with the of-

fense, if any, alleged against him in the indictment in this case, and for no other purpose. Finally, the victim of these extraneous sexual offenses was the accused's minor step-child. Under these circumstances, we find no abuse of discretion on the part of the trial court in admitting the evidence of the extraneous offenses. We overrule appellant's first and second points of error.

By his eighth and ninth points of error, appellant contends that the trial court erred when it admitted his confession over his objections that it contained numerous extraneous offenses and that its prejudicial effect outweighed its probative value. By his seventh point of error, appellant contends that the trial court erred in admitting the confession because it was improper bolstering of an unimpeached witness.

Appellant's confession was introduced through Ruben Flores, the police officer who took a statement from appellant in late February, 1988. The statement complies with the requirements set forth in Texas Code of Criminal Procedure Articles 38.21 and 38.22 (Vernon Pamph.1990). Additionally, Flores testified that appellant made the statement after he was given his *Miranda* warnings and that appellant stated that he did not want an attorney. Flores identified the written confession and appellant's signature on it. He stated that appellant read the confession slowly and thoroughly before signing it. He testified that appellant gave the confession freely and voluntarily without force, threat, persuasion or promises.

Before the State was able to question Flores regarding the confession, appellant's attorney objected on the grounds that the statement was an attempt to bolster an unimpeached witness, that it was not relevant, and that it contained certain extraneous matters. The State responded that the extraneous matters were admissions by appellant and that they show appellant's intent to commit the acts against the victim. The trial court overruled appellant's objection and admitted the confession. The confession contained not only appellant's accounts of the offenses for which he was indicted, but also contained a recitation of appellant's extraneous sexual offenses directed toward L.

When a defendant is given *Miranda* warnings and indicates that he understands the warnings given to him, does not request an attorney, and voluntarily and knowingly gives and signs the confession, it is not error to admit the confession. *Cruz v. State,* 629 S.W.2d 852, 855–56 (Tex. Civ.App.—Corpus Christi 1982, pet. ref'd). A voluntary confession complying with Texas law is admissible evidence even though it may bolster the testimony of a witness. Additionally, as discussed above, evidence of the extraneous offenses contained in the confession was admissible given the trial court's limiting instruction. We find no error on the part of the trial court in admitting the confession into evidence. We overrule appellant's seventh, eighth, and ninth points of error.

By his tenth point of error, appellant contends that the trial court erred in allowing Dr. Aviles to testify regarding his conclusion regarding the existence of sexual abuse, when that opinion was based upon L's credibility. Dr. Aviles, the physician who examined L, was the State's first witness. He not only took L's medical history but he also physically examined her. An examination of her genitals indicated that there were no lesions or tears in L's vagina but that L's hymen was open twice as far as normal for a child her age, indicating that some sort of penetration had occurred. L's anus appeared normal. Dr. Aviles stated that it is quite uncommon for a sexually abused child not to have any abnormal lesions.

Dr. Aviles attempted to state his conclusion which he was making from L's history and the findings of his examination. Appellant objected to any conclusion based on L's credibility. Before the court ruled on appellant's objection, the State volunteered to rephrase its question. The court allowed the State to do so, and overruled appellant's objection. The State then asked for Dr. Aviles' opinion based on his education, training, and experience. He

stated that L had been sexually abused. Upon being asked on what basis he reached his conclusion, Dr. Aviles stated that it was based on L's history and the gynecological findings. Appellant did not object to this last question.

Appellant argues that the State was allowed to improperly bolster L's testimony in the guise of expert testimony and voice an opinion to her credibility. He states that this evidence is key corroborative evidence and that it was therefore, harmful. Appellant did not object on these grounds at trial, nor did he object to the specific question in which Dr. Aviles stated that the basis for his opinion was L's history and the results of his examination. Appellant did not preserve error on this point. *See* Tex.R.App.P. 52(a).

■ By his sixth point of error, appellant contends that the trial court erred by refusing his request that the State specify which acts it is relying upon for conviction. Before the charge was read to the jury, appellant requested that the State designate under which of the two charges in the indictment it was proceeding and that the State disclose what specific act of fondling or sexual contact or penetration it was relying upon as the basis of the offense.

The trial court denied appellant's requests and read the charge to the jury. Included in the charge was a limiting instruction stating that the jury was to consider the extraneous offenses only in determining the lust of the defendant for the victim, if any, in connection with the offense, if any, alleged against appellant in the indictment in this case, and for no other purpose.

■ The general rule is that when one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction. *O'Neal v. State,* 746 S.W.2d 769, 771 (Tex. Crim.App.1988); *Crawford v. State,* 696 S.W.2d 903, 905, 907 (Tex.Crim.App.1985).

Specifically stated in this general rule is that the evidence must show more than one act of intercourse in order for an election to be required. In this case, L testified that penetration with appellant's penis occurred only one time. Further, appellant's confession referred to only one completed act of penile penetration. There is no evidence that appellant and L were not referring to the same act of penetration. Since there was no evidence of multiple acts on which appellant's conviction for aggravated sexual assault by penile penetration could be based, the State could not have elected on which act it would rely for conviction.[1] We overrule appellant's sixth point of error.

■ By his third point of error, appellant contends that the trial court erred when it allowed the State to argue to the jury the extraneous offenses contrary to the limitations found in the Court's charge. The Court's charge limited the use of the extraneous offenses to showing appellant's lust for L. During the State's jury argument at the guilt/innocence phase of trial, the State's attorney stated that appellant "tormented [L] for one-third of her life, for four years starting when she was eight years old in Oklahoma." Appellant's attorney objected to the State's attorney mentioning the extraneous offenses for any reason other than that limited in the charge. The trial court overruled the objection and granted appellant a running objection to the extraneous offenses.

The State's attorney then proceeded to recite in detail the extraneous offenses as described in appellant's confession, ending with a description of those offenses for which appellant was on trial. The reference to extraneous offenses was prefaced by the statement that appellant had abused L for years. With that preface, the State's review of the multiple episodes of abuse leading up to the acts for which appellant was indicted put those acts in context.

---

**1.** We do not consider the possible multiple acts of indecency with a child and the question of whether the State should have been required to elect which one of such possible acts it relied on for conviction as no appeal is made from the conviction for indecency with a child.

A complete and careful reading of the State's closing argument does not indicate that the State argued outside the limitations in the charge that the extraneous offenses were only to be considered to show the lust of appellant for L. When referring to the aggravated sexual assault for which appellant was being tried, the State referenced "the three pieces of evidence that nail[ed] [appellant] on count one, on the aggravated sexual assault," and not to the extraneous offenses. The State specifically referred to L's testimony, Badillo's testimony, and appellant's confession in which he admitted penetrating L's vagina with his penis.

Appellant contends that the detail in which the State's attorney recited the extraneous offenses indicated that he was appealing to the prejudice of the jury. The State's argument, however, was no more detailed than appellant's statement which was in evidence for the jury to review. The record does not support appellant's argument that the State's argument excluded limitation of the court's instruction. *See Aguero v. State,* 476 S.W.2d 672, 673 (Tex.Crim.App.1972). We overrule appellant's third point of error.

By his fourth and fifth points of error, appellant complains of error in the punishment phase of trial. By his fifth point of error, appellant contends that the trial court erred when it refused to include a limiting instruction in the charge regarding the unadjudicated extraneous offenses. Appellant was entitled to a limiting instruction regarding those offenses. *See Rodriguez v. State,* 781 S.W.2d 443, 445 (Tex. App.—Fort Worth 1989, pet. ref'd). Refusal to grant such a request for a limiting instruction results in reversible error. *Id.* The State concedes error on this point and requests a new punishment phase. Appellant's fifth point of error is sustained.

Because of our disposition of appellant's fifth point of error, we do not address appellant's fourth point of error.

The trial court's judgment regarding appellant's guilt is AFFIRMED and the trial court's judgment regarding appellant's punishment for the offense of aggravated sexual assault is REVERSED and the cause REMANDED for a new trial on punishment.