**David KIRKSEY, Jr., Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–199–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 23, 2004.

Decided March 17, 2004.

---

Roger Neil Moss, Lufkin, for appellant.

Clyde M. Herrington, District Attorney, Katrina L. Jackson, Assistant District Attorney,Lufkin, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

David Kirksey, Jr. ("Appellant") was charged with unauthorized use of a motor vehicle, TEX. PEN.CODE ANN. § 31.07 (Vernon 2003) (Count I) and injury to a child, TEX. PEN.CODE ANN. § 22.04(a)(3) (Vernon 2003) (Count II). A jury found him guilty on Count I, not guilty on Count II, and the trial court imposed a sentence of two years as a State Jail Felony probated for five years. On appeal, Appellant raises two issues: (1) alleged error by the trial court in limiting his cross-examination of a key prosecution witness; and (2) alleged error by the trial court in admitting photographs into evidence in violation of a pre-trial order. We will affirm.

Although no challenge is raised to the sufficiency of the evidence, some factual background is necessary to understand the issues raised on appeal. Appellant and Barbara Kirksey were married, but their

relationship was a stormy one. They had been separated since 2000, and were in the process of seeking a divorce. Barbara had four children, including two from previous relationships: Shapheka Davis (eleven years old at the time relevant herein) and Quintoryerous Sawyer. Appellant acted as their step-father. On or about June 19, 2002, Appellant, apparently drunk, arrived at Barbara's Angelina County trailer home around midnight. He kicked down the door, and confronted Barbara. He appeared angry and upset. Appellant stayed at the house approximately ten minutes, then Barbara saw him leave in his blue pickup truck. Barbara called her sister, Marilyn Davis, and 911. The sheriff's department, Marilyn, and her boyfriend arrived at the trailer about the same time. The sheriff's deputies eventually left, and Marilyn remained at the home attempting to help Barbara fix the door. Shapheka went outside. When Barbara heard Shapheka yelling, Barbara looked and saw her daughter in her sister's car with Appellant trying to drive away. Shapheka was able to get free, but Appellant drove off in Marilyn's car. Appellant eventually drove the vehicle through a fence surrounding the property of Lufkin Industries, totaling the vehicle and damaging company property.

### Limitation on Cross–Examination

In Issue One, Appellant contends the trial court erroneously limited his right to cross-examine State's witnesses by excluding: (1) evidence that a State witness was on deferred adjudication and hence had a bias and motive to testify; (2) evidence that a witness offered to "drop charges" if Appellant paid restitution; and (3) a photograph after admitting a verbal account of the same evidence. He contends the cumulative effect of these rulings violated his

Sixth Amendment right to confront and cross-examine the State's witnesses and his right to present and develop a defense in violation of the Due Process Clause.

### Witness on Deferred Adjudication— Impeachment Evidence

■ Appellant contends the trial court erred in not allowing him to cross-examine his estranged wife, Barbara Kirksey. He relies on *Maxwell v. State*, 48 S.W.3d 196, 200 (Tex.Crim.App.2001), which held that cross-examination of a State's witness on his or her deferred adjudication status is permissible in order to demonstrate a potential motive, bias or interest to testify for the State. The State, while conceding that *Maxwell* recognized a witness's deferred adjudication status as a proper topic of cross-examination contends: (1) that Appellant never properly questioned the witness regarding her placement on deferred adjudication, thus failing to preserve error; and (2) that even assuming the witness was properly questioned regarding deferred adjudication, any error by the trial court was harmless.

■ We agree with the State that Barbara Kirksey was never properly questioned regarding her being placed on deferred adjudication. The record shows that in his cross-examination of Barbara Kirksey, defense counsel asked her when she got on "probation,"[1] to which the District Attorney objected. At a conference at the bench, the District Attorney stated that Kirksey was on deferred adjudication. The trial judge instructed counsel: "Don't talk about whether or not she is on probation or not. They said deferred adjudication—okay." No further questions raised the subject matter. We conclude from reading the record that the trial judge's admonition did not prevent Appellant's

---

1. Apparently, for shooting at Appellant.

counsel from further questions as to deferred adjudication. *Cf. Evans v. State*, 60 S.W.3d 269, 271–72 (Tex.App.-Amarillo 2001, pet. ref'd). Even were we to conclude otherwise, no objection was made, and any potential error was not preserved. TEX.R.APP. P. 33.1(a).

### Alleged Offer to Drop All Charges in Exchange for payment for damages

■ Appellant also contends the trial court erred in excluding evidence of an offer by Marilyn Davis, Barbara Kirksey's sister and the owner of the vehicle, alleged to have been taken by Appellant, to drop all charges against Appellant if he paid her restitution for her vehicle.

At trial, defense counsel questioned Davis and showed her Defense Exhibit 5, stated to be a picture of a vehicle alleged to have been loaned to Davis by Appellant, and then wrecked by her boyfriend. The following occurred during this questioning:

Q. (BY DEFENSE COUNSEL): Do you know, Ms. Davis, that your mother called me and to get—to try to get David (Appellant) to pay for this car you say he ran into the fence out there. Do you know that?

A. (BY DAVIS): Yes, sir.

Q. You was there when she called trying to get money from him, weren't you?

A. Yes, sir.

Q. Said she would drop the charges if you would pay for—

(DISTRICT ATTORNEY): Well, I object to what the lady said because it is hearsay.

THE COURT: Sustain that objection. Disregard that last portion about dropping the charges.

The trial court correctly sustained the hearsay objection; defense counsel was soliciting an answer which would constitute "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R. EVID. 801(d). This is not admissible. TEX.R. EVID. 802. Appellant did not make any additional effort to bring in the information regarding the alleged offer to drop the charges. No formal bill of exceptions was filed. *See* TEX.R.APP. P. 33.2. As nothing was preserved for appeal, this contention is overruled.

### Denial of Admission of Photograph

■ Appellant contends the trial court erred in excluding a photograph, "that will correlate to show the animosity and bias between the parties of ... in regard to an automobile [Appellant] loaned them, they wrecked and didn't pay for." The record indicates that the picture was not of Davis' automobile, but another automobile. The trial court sustained the State's objection.

■ For an item of evidence to be relevant, i.e., to alter the probabilities of the existence of the consequential fact, it must logically increase one's knowledge and enhance the likelihood of ascertaining the truth about the fact. *Sorensen v. State*, 856 S.W.2d 792, 794 (Tex.App.-Beaumont 1993, no pet.). The consequential fact in this case was the unauthorized use of *Davis's* car. That some other vehicle may have been wrecked by the witness at a different time is of no relevance to the issue to be decided in this case. We find no error, and Issue One is overruled.

### Alleged Erroneous Admission of Photographs not produced for defense in compliance with pre-trial order

Appellant contends the trial court erred in permitting the State to introduce into evidence certain photographs. He contends that their production to defense af-

ter jury selection and on the eve of trial was in violation of the court's own pre-trial order setting a deadline for producing the photographs.

The State contends initially that Appellant failed to make a proper objection to the photographs. The objection made was: "And I'm going to object to any of the photographs that were furnished to me being introduced into evidence because I received them post-voir dire." To preserve error for appellate review, the record must show, initially, that Appellant made a timely and specific objection. *See* TEX.R.APP. P. 33.1; *Geuder v. State*, 115 S.W.3d 11, 13 (Tex.Crim.App. 2003). An objection is sufficient to preserve error for appellate review if it communicates to the trial court what the objecting party wants, why the objecting party thinks himself entitled to relief, and does so in a manner clear enough for the court to understand the objection at a time when it is in a position to do something about it. *Simmons v. State*, 100 S.W.3d 484, 493 (Tex.App.-Texarkana 2003, pet. ref'd) (citing *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex.Crim.App.1992)). It is clear from the colloquy among counsel and the court that all parties understood that Appellant was objecting to the timeliness of the State's production of certain photographs in alleged violation of the pre-trial discovery order. The issue has been preserved for appellate review.

*Defense is entitled to discovery under Art. 39.14*

Article 39.14 of the Code of Criminal Procedure provides, in part, that the trial court, on motion of defendant, "may order the State ... to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. *The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence ....*" (Emphasis added). This limited right of discovery, independent of the constitutional right of access to exculpatory evidence, is limited in nature, and decisions thereon are within the discretion of the trial court. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex.Crim.App.1990), *overruled on other grounds, Cook v. State*, 884 S.W.2d 485, 491 (Tex.Crim.App.1994). In *Kinnamon*, defendant did not request, either in the written motion, or orally, to schedule a time, place or manner of the requested discovery, and the court held that, under such circumstances, it was not error for the trial court not to set such a schedule. *Id.* at 92. When no specific time, place or manner of discovery of the requested materials is specified by the court's order, production of such materials immediately prior to trial does not violate the discovery order. *Murray v. State*, 24 S.W.3d 881, 893 (Tex.App.-Waco 2000, pet. ref'd).

Appellant filed a motion for inspection, requesting the trial court to specify a time, place and manner of such discovery. At the pre-trial hearing, it was acknowledged that the district attorney maintained an "open file" policy, and the prosecutor stated that "any of this stuff (referring to photographs) that I have, I'll show it to him." The trial court orally granted the motion for inspection, but nowhere in the

record is there any indication that a specific time, place or manner of inspection was provided for. Immediately prior to hearing testimony, Appellant's counsel complained that he had just received a packet of many photographs, to which he objected that they had been received "post-voir dire." The prosecutor stated that he gave them to the defense "virtually the same day I got them in my possession." The trial court overruled the objection and admitted the photographs.

As there was no time, place or manner specified by the trial court for the State to respond to discovery, the prosecutor's production of the photographs immediately prior to the taking of testimony was proper. *See Murray*, 24 S.W.3d at 893.[2] Further, in Appellant's brief, he specifies the particular photographs given to him at the last minute. There were 24 photographs, 1 through 12 of which were not relevant to the issue now on appeal. "The remaining Exhibits 13 through 24 shows the damage done to the car and the scene where the car was discovered and thus are relevant to the unauthorized use charge." However, Appellant did not argue at trial, and does not demonstrate on appeal, how his last minute acquisition of such photographs harmed his ability to prepare his defense. Even assuming for purposes of argument only that the State violated the discovery order, such violation does not amount to constitutional error, and therefore will be disregarded unless it affects the defendant's substantial rights. TEX.R.APP. P. 44.2(b); *Johnson v. State*, 72 S.W.3d 346, 348 (Tex.Crim.App.2002). Appellant, while properly contending that the late-received photographic evidence was relevant, does not explain how his late receipt affected his substantial rights. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. A conviction should not be overturned for error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Duncan v. State*, 95 S.W.3d 669, 672 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Appellant does not demonstrate how he was harmed, or how the jury may have been influenced by the State's alleged error. Absent such showing there is no reversible error. *See Torres v. State*, 59 S.W.3d 365, 367–68 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Issue Two is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

---

2. In *State v. LaRue*, 108 S.W.3d 431, 437 (Tex.App.-Beaumont 2003, pet. granted), we held that when the record does not reflect a willful violation of a discovery order by the State, the proper remedy is a continuance to allow the defense sufficient time to prepare for the allegedly new evidence, even if neither party requested same. *Id.* In view of our subsequent conclusion here that there was no harm shown, we do not address that issue in this case.