# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00186-CR

**Ernesto Alexander Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT NO. 14907, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Ernesto Alexander Hernandez guilty of continuous sexual abuse of a young child for sexually abusing his stepdaughter, E.H.[1] *See* Tex. Penal Code § 21.02(b), (c)(4). The trial court assessed appellant's punishment at confinement for 35 years in the Texas Department of Criminal Justice. *See id.* § 21.02(h). In four points of error on appeal, appellant complains about the trial court's evidentiary rulings excluding defense evidence and admitting evidence of his oral statements. Finding no reversible error, we affirm the trial court's judgment of conviction.

---

[1] The jury heard evidence that appellant perpetrated various sexual acts against his stepdaughter, E.H., after he had divorced her mother, on repeated occasions when E.H. was eight, including touching her "many times" "in [her] privates" with his finger or "his private part," which made her "feel uncomfortable" and hurt. Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

## DISCUSSION

### Exclusion of Evidence

The defense strategy at trial was to attack E.H.'s credibility by showing that she had "deeply embedded 'rage and anger' directed toward appellant." According to the defense theory, "this rage and anger constituted a motive of bias" that "became manifest in the form of sexual allegations made against [appellant]." Appellant's first two points of error relate to the trial court's exclusion of evidence offered to support this defense, complaining that the exclusion of the evidence violated his Sixth Amendment rights to confrontation and effective assistance of counsel.

*Alleged Threat Incident*

As evidence showing E.H.'s "rage and anger," appellant sought to question E.H. about "[getting] into trouble at school," attempting to elicit information about an alleged incident documented in a CPS report. Apparently, a teacher reported to the CPS investigator that E.H. might have threatened to kill another child at school. Appellant maintained that this evidence was "very pertinent to rage and anger, and pertinent to bias." He also indicated that evidence of this threat was "germane and relevant" "to impeach [E.H.] who's come across physically in misdemeanor [sic] today on the stand as just kind of polite, shy, quiet." The State objected on multiple grounds including that the evidence involved multiple layers of hearsay, that it was a specific instance of conduct not relevant to the allegations of sexual abuse, that it was inadmissible character-conformity evidence under Rule 404(b), and that the prejudicial effect substantially outweighed any probative value under Rule 403. The trial court excluded the evidence, finding that it was inadmissible character-conformity evidence not fitting within any of the exceptions of Rule 404(b), that it was not

2

relevant, and that any probative value was substantially outweighed by unfair prejudice. Following a subsequent offer of proof (during which E.H. denied ever making such a threat), appellant reasserted "those arguments . . . that relate to the admissibility of the proffer from E.H. regarding trouble at school." The court reiterated its ruling excluding the evidence of the alleged threat incident "for the previous reasons that the Court's already stated on the record." In his first point of error, appellant contends the trial court erred by refusing to allow him to question E.H. about this alleged incident.

Preservation of error is a systemic requirement on appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Boston v. State*, 373 S.W.3d 832, 841 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear*, 385 S.W.3d at 590; *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010); *Boston*, 373 S.W.3d at 841. An appellate issue involving a proffer of evidence, as opposed to an objection, must still satisfy the preservation-of-error requirements. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that purpose of requiring objection is to give trial court or opposing party opportunity to correct error or remove basis for objection and reasoning that "[a]though this case involves a proffer of evidence rather than an objection, the same rationale applies"). To preserve a complaint regarding the exclusion of evidence, a party must not only tell the judge that the evidence is admissible, but must also explain why it is admissible. *Id.* at 177-79. Further, the explanation given at trial must match the one urged on appeal. *Id.* at 179.

Appellant asserts that the exclusion of the evidence of the alleged threat incident violated his Sixth Amendment rights to confrontation and effective assistance of counsel. However, when the trial court prohibited appellant from questioning E.H. about the alleged threat incident, appellant neither objected to the exclusion of the evidence on the ground, nor offered the evidence on the basis, that either his constitutional right to confrontation or his constitutional right to effective assistance of counsel were compromised by the exclusion of the evidence. Even constitutional rights may be waived if the proper request, objection, or motion is not asserted in the trial court. *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). Because appellant did not articulate that his right to confrontation or his right to effective assistance of counsel supported the admission of the evidence about the alleged threat incident, the trial court never had the opportunity to rule on this rationale. Accordingly, appellant did not preserve his complaint that the exclusion of this evidence violated these constitutional rights. *See Cerda v. State*, No. 03-12-00582-CR, 2014 WL 4179359, at *6 (Tex. App.—Austin Aug. 22, 2014, no pet. h.) (mem. op., not designated for publication). We overrule appellant's first point of error.

*Outcry of Sexual Abuse by J.S.*

As further evidence of E.H.'s "rage and anger," appellant offered evidence of E.H.'s outcry of sexual abuse perpetrated against her by a juvenile family member, J.S.[2] Appellant sought to elicit the details of this outcry during his cross-examination of E.H., and to cross-examine Dr. William Carter, the State's psychological expert, about the "manipulative nature" of a child who

---

[2] The record is not entirely clear, but it appears that the juvenile was the nephew of appellant's second wife, E.H.'s stepmother.

makes multiple outcries disclosing sexual abuse by multiple perpetrators.[3]  In his second point of error, appellant argues that the trial judge erred in excluding evidence of E.H.'s outcry.

At trial, appellant sought to question E.H. about her outcry to a CPS investigator that a juvenile family member, J.S., sexually abused her during the same time frame that she said that appellant sexually abused her, generally perpetrating the same type of sexual acts.[4]  After the offer of proof, appellant argued that the evidence of E.H.'s outcry was admissible because there is "no greater bias than saying that common members of a family . . . perpetrate, basically, the same sexual acts against an eight year old" asserting it was "improbable."  The State objected under Rule of Evidence 412 and additionally argued that the prejudicial effect substantially outweighed any probative value under Rule 403.  The trial court sustained the State's objections, concluding that the evidence was inadmissible under Rule 412 because it was "too far removed . . . as relates to motive or bias" and that the danger of unfair prejudice substantially outweighed any value under Rule 403.

Appellant also sought to cross-examine the State's psychological expert, Dr. William Carter, about E.H.'s outcry of J.S.'s sexual abuse.  He asserted that "examples of the child — examples of the child lying, or examples of an outcry of that nature, go towards . . . the manipulative nature of the child.  It could [be] probative in the area of manipulation."  The State objected to

---

[3]  While Dr. Carter agreed that multiple outcries alleging similar sexual abuse by different perpetrators could demonstrate manipulation (if false), he also indicated that it was equally plausible that multiple outcries of sexual abuse by multiple perpetrators could demonstrate how vulnerable the child victim is and how "dangerous" or "unprotected" her world is.  He testified, "[I]t may tell us something about the child, herself, in terms of her manipulative nature.  Or it may tell us about the deviant world she's in and [that] she's around people that aren't safe."

[4]  During the proffer of this evidence, E.H. confirmed that she told the CPS investigator that J.S. "put his private part in [her] private part," "put his hands inside [her] private part," and "put his mouth on [her] private part."

appellant "present[ing] a second outcry as a known lie," when "there was an ongoing criminal investigation regarding [the] juvenile perpetrator." Appellant responded by averring that he did not believe he was required to prove that the outcry was a false accusation. He maintained that because "the subject of [the outcry] is it's occurred at the same time that this other abuse allegedly was perpetrated on . . . they're all inextricably linked . . . as they go to that manipulative nature." He complained that he would be "denied his constitutional right to cross-examination and denied effective defense" if he was unable to "bring that to the jury's attention." The trial court sustained the State's objection finding that the evidence was inadmissible under Rule 412 and, further, that the unfair prejudice "far, far outweigh[ed]" any probative value.

On appeal, appellant maintains that the exclusion of the evidence of E.H.'s outcry violated his constitutional right of confrontation and right to effective assistance of counsel. As previously noted, however, preservation of error regarding the exclusion of evidence is a systemic requirement on appeal, *Blackshear*, 385 S.W.3d at 590; *Reyna*, 168 S.W.3d at 177-79, and the explanation given at trial must match the one urged on appeal, *Reyna*, 168 S.W.3d at 179. Here, when the trial court excluded evidence concerning E.H.'s outcry of J.S.'s sexual abuse, appellant neither objected to the exclusion of the evidence on the ground, nor offered the evidence on the basis, that his constitutional right to effective assistance of counsel was compromised by the exclusion of the evidence. Thus, appellant did not preserve his complaint that the exclusion of this evidence violated this constitutional right. *See Yazdchi*, 428 S.W.3d at 844 (even constitutional rights may be waived if not properly asserted in trial court). Accordingly, we address only

6

appellant's complaint that the trial court's exclusion of this evidence violated his constitutional right of confrontation.

We review a trial court's ruling on the admission or exclusion of evidence under an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion by excluding evidence only if its decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

The Sixth Amendment right to confront witnesses includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying. *See* U.S. Const. amend. VI; *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009) (citing *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). The scope of permissible cross-examination is "necessarily broad." *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996); *Reynolds v. State*, 371 S.W.3d 511, 520 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The broad scope of cross-examination does not mean, however, that a defendant can explore every possible avenue of inquiry. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see Hammer*, 296 S.W.3d at 561 ("This right is not unqualified, however; the trial judge has wide discretion in limiting the scope and extent of cross-examination."). Generally, the Sixth Amendment right to present evidence and to cross-examine witnesses does not conflict with the corresponding rights

under state evidentiary rules. *Hammer*, 296 S.W.3d at 561 (citing *United States v. Scheffer*, 523 U.S. 303, 316 (1998); *Potier v. State*, 68 S.W.3d 657, 660-62 (Tex. Crim. App. 2002)). Therefore, we can resolve most questions regarding cross-examination by looking to the Texas Rules of Evidence. *Id.* "Compliance with a rule of evidence will, in most instances, avoid a constitutional question concerning the admissibility of such evidence." *Id.* at 566.

All witnesses may be cross-examined on any matter relevant to any issue in the case, including credibility. *See* Tex. R. Evid. 611(b). However, Rule of Evidence 608(b) prohibits cross-examination on specific instances of conduct of a witness, other than a criminal conviction as provided in rule 609(a), for the purpose of attacking the witness's credibility. Tex. R. Evid. 608(b). Further, Rule of Evidence 412(b) provides that evidence of specific instances of conduct relating to a complaining witness's past sexual behavior is generally not admissible in a criminal trial for aggravated sexual assault. Tex. R. Evid. 412(b). However, as relevant here, the evidence may be admissible if it relates to the motive or bias of the complainant or is constitutionally required to be admitted and its probative value outweighs the danger of unfair prejudice. Tex. R. Evid. 412(b)(2)(C), (E), (b)(3).

In sexual assault cases, the credibility of the complainant and the defendant are often dispositve issues. *Hammer*, 296 S.W.3d at 561-62. However, a distinction must be made between an attack on the general credibility of the witness and a more particular attack on credibility that reveals "possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Id.* at 562 (quoting *Davis*, 415 U.S. at 316). The defendant does not have an absolute right to impeach the general credibility of a witness, but the

8

Constitution could be offended if a state evidentiary rule prohibited the defendant from cross-examining a witness concerning possible motives, biases, and prejudices to such an extent he could not present a vital defensive theory. *Id.* at 562-63; *see also Billodeau*, 277 S.W.3d at 42-43.

It is undisputed that E.H. made an outcry of sexual abuse by J.S. Appellant wanted to introduce evidence regarding that outcry to demonstrate E.H.'s "biased motivation, generated by rage and anger, which compromised the credibility of her entire line of testimony." However, this evidence is not relevant as proof of "rage and anger" or of bias, prejudice, or ulterior motive by E.H. to accuse appellant of sexually abusing her. *See Lopez v. State*, 18 S.W.3d 220, 226 (Tex. Crim. App. 2000) ("Without proof that the prior allegation was false or that the two accusations were similar, the evidence fails to have any probative value in impeaching [the complainant's] credibility in this case. For these same reasons, the risk that this evidence would unduly prejudice and confuse the jury was high.").

Appellant relies on *Hammer v. State* to support his position that the evidence was admissible. In that case, the court of criminal appeals determined that the trial court abused its discretion by excluding the complainant's medical records from a sexual-assault examination. *Hammer*, 296 S.W.3d at 569. The medical records showed that the complainant had told the examining nurse that a young man sexually assaulted her, which allegedly occurred one month after moving in with the defendant, her father. *Id.* at 559. She also told the nurse that she was particularly angry at her father, who took her for the exam, because he wanted to prove that she had sexual intercourse. *Id.* at 567. While the appellant was allowed to question the complainant generally about her motive to falsely accuse him, the jury did not know she was particularly angry with him for

9

taking her to the hospital for the exam. *Id.* The record also revealed that she threatened to commit suicide shortly after the exam and was admitted to a state hospital soon thereafter. *Id.* Her accusations against appellant occurred approximately one month after her release from the hospital. *Id.* The court concluded this was strong evidence of the complainant's motive to falsely accuse appellant of sexual assault. *Id.*

We do not find *Hammer* controlling here. First, unlike *Hammer*, nothing in the record indicates that E.H. made any false sexual-abuse allegation. In the offer of proof, E.H. confirmed that she told the CPS investigator about the abuse by J.S. However, she never indicated that the allegations were false or suggested that the abuse by J.S. did not happen. Thus, while the law allows appellant to offer evidence of a prior false accusation of sexual abuse to support a defensive theory, nothing in the record before us tends to show that E.H. made a false allegation. Second, although the excluded evidence in *Hammer* strongly supported a possible motive for the complainant to fabricate her accusations, the excluded evidence in this case did not. Evidence that E.H. had disclosed being sexually abused by another family member, even if the abuse consisted of similar sexual acts, did not demonstrate a "definite and logical link" between E.H.'s outcry and an alleged motive to fabricate allegations against appellant. *See Todd v. State*, 242 S.W.3d 126, 129-30 (Tex. App.—Texarkana 2007, pet. ref'd); *Stephens v. State*, 978 S.W.2d 728, 735 (Tex. App.—Austin 1998, pet. ref'd).

Further, appellant has failed to establish how admission of this evidence was relevant to his defensive theory that E.H. made sexual-abuse allegations against him due to her "rage and anger" against him. He maintains that by making similar outcries about him and J.S., E.H. showed

10

bias against him about which he should have been allowed to cross-examine her. *See* Tex. R. Evid. 412(b)(2)(C). Notably, however, the questions and answers in the offer of proof are not probative of E.H.'s motive or bias or of a specific bias, motive, or interest to testify in a particular fashion. While the excluded evidence in *Hammer* plainly showed the child complainant's bias and anger toward her father and a willingness to change stories for strategic reasons, *see Hammer*, 296 S.W.3d at 569, E.H.'s additional outcry of sexual abuse by another perpetrator does not show similar bias. It shows only that when she described being sexually abused by appellant to the CPS investigator, she also disclosed sexual abuse by another. Appellant made no showing that confronting E.H. about her outcry about J.S.'s sexual abuse would show anything about her attitude toward appellant. Appellant did not show that excluding this topic deprived him of his right to confront a witness regarding her ill-feeling or bias against him, or about her motive to falsely accuse him. Accordingly, the trial court did not abuse its discretion by concluding that appellant did not demonstrate how the excluded evidence would have shown E.H.'s bias against appellant.

The dispositive issue here is the absence of any connection made between E.H.'s outcry of J.S.'s sexual abuse to any issue relevant to the allegations against appellant, including E.H.'s purported "rage and anger" toward appellant or her bias against him. We find no abuse of discretion or deprivation of the right to confrontation in the trial court's decision to prohibit appellant from questioning E.H. or Dr. Carter about E.H.'s outcry of sexual abuse perpetrated by another family member. *See James v. State*, No. 03-12-00462-CR, 2014 WL 2957751, at *4-6 (Tex. App.—Austin June 27, 2014, pet. ref'd) (mem. op., not designated for publication). We overrule appellant's second point of error.

11

**Admission of Appellant's Oral Statements**

During its case-in-chief, the State offered evidence of statements that appellant made to a DPS investigator about an incident wherein he became aroused when playing the "tickle game" with E.H. Captain Manuel Espinosa, a certified polygrapher, conducted a polygraph examination of appellant. During the post-polygraph interview, appellant recounted an incident of playing the "tickle game" with E.H.—apparently he was attempting to explain possible reasons for deceptive answers detected during the polygraph. Appellant explained that he was sitting on the couch with E.H. sitting on his lap, straddling him, and his penis came into contact with her vaginal area (through their clothing) and became erect. Appellant disclosed that E.H. then rubbed his erect penis with her hand (through his clothing) for approximately two minutes. According to the date given in appellant's interview, this incident happened during the time frame of the continuous sexual abuse alleged in the indictment. The interview, which lasted about one and a half hours, was videotaped, but the video was not offered by the State. The State only offered the captain's testimony of appellant's description of the couch incident and his admission that he became aroused during that contact with E.H.

During the offer of proof outside the presence of the jury, appellant objected to the evidence because it was not an admission against interest "toward this crime," because the prejudicial effect of the evidence outweighed any probative value, and because the evidence violated his constitutional right to confrontation. The trial court admitted the testimony with the instruction that there was to be no reference to the polygraph examination. Rather, the parties were to discuss the statement only in the context of an "interview." The trial court also overruled appellant's

12

Rule-403 objection, finding that the probative value of the evidence outweighed any prejudicial effect, and his confrontation objection. When the evidence was offered in front of the jury, appellant also made a hearsay objection, which was overruled by the court. Appellant's last two points of error relate to the trial court's admission of Captain Espinosa's testimony of appellant's oral statements.

*Prejudicial Effect*

In his third point of error, appellant asserts (without providing any significant analysis) that the trial court should have excluded the evidence regarding appellant's statements about the extraneous conduct and his admission under Rule 403.

Article 38.37 of the Texas Code of Criminal Procedure addresses the admission of extraneous-conduct evidence during the trial of an offense under chapter 21 of the Penal Code alleged to have been committed against a child under 17 years of age. *See* Tex. Code Crim. Proc. art. 38.37. Continuous sexual abuse of a young child, the offense for which appellant was tried, is contained in chapter 21 of the Penal Code. *See* Tex. Penal Code § 21.02. The relevant portion of article 38.37 that was in effect at the time of appellant's trial provided the following:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.

*See* Act of May 29, 1995, 74th Leg. R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748-49 (amended 2005, 2011, and 2013) (current version at Tex. Code Crim. Proc. art. 38.37)). However, even when evidence of extraneous conduct is relevant and admissible under article 38.37, the

13

evidence is still subject to exclusion under the Rule-403 balancing test if its probative value is substantially outweighed by the danger of unfair prejudice. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002); *Colvin v. State*, 54 S.W.3d 82, 84 (Tex. App.—Texarkana 2001, no pet.) (collecting cases); *see Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd) ("When evidence of a defendant's extraneous acts is relevant under article 38.37, the trial court is still required to conduct a Rule-403 balancing test upon a proper objection or request.").

Rule 403 of the Texas Rules of Evidence allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). "The term 'probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Davis*, 329 S.W.3d at 806; *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Davis*, 329 S.W.3d at 806.

All relevant testimony and physical evidence are likely to be prejudicial to one party or the other. *Id.*; *Jessop v. State*, 368 S.W.3d 653, 694 (Tex. App.—Austin 2012, no pet.). Thus, "[t]o violate Rule 403, it is not enough that the evidence is 'prejudicial'—it must be *unfairly prejudicial*." *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). It is only when there

14

exists a clear disparity between the degree of prejudice produced by the offered evidence and its probative value that Rule 403 is applicable. *Davis*, 329 S.W.3d at 806; *see Gaytan v. State*, 331 S.W.3d 218, 227 (Tex. App.—Austin 2011, pet. ref'd). Our analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012), *cert. denied*, 134 S. Ct. 823 (2013); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).

Concerning the probative value of the evidence, appellant argues that "the mere fact that appellant did become aroused on one particular instance under the scenario described does relatively nothing to make the allegations of continual sexual abuse more probable." He reasons that "to be subject to temptation . . . does not make one guilty of an improper act. It only makes one human." We disagree with appellant's assessment of the probative value of this evidence. The indictment charged appellant with continuous sexual abuse of a child by committing two or more acts of aggravated sexual assault of a child against E.H. *See* Tex. Penal Code §§ 21.02, 22.021(a)(1)(B). "[I]ntent to arouse or gratify sexual desire" is an implicit element of sexual assault. *Sarabia v. State*, 227 S.W.3d 320, 323-24 (Tex. App.—Fort Worth 2007, pet. ref'd); *see Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) ("[T]he Legislature did not intend that the 'intent to arouse and gratify' requirement be excluded from proof of the elements of aggravated sexual assault."). The State may prove intent through circumstantial evidence. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). Here, the complained-of testimony tends to show that

appellant admitted that he had become sexually aroused while engaged in what would normally be considered innocent play with an eight-year-old child that he viewed as his daughter. This evidence tends to show that appellant viewed the father-daughter relationship as a sexual one, at least in part. His becoming sexually aroused in this situation was relevant circumstantial evidence of his intent to arouse or gratify his sexual desire in perpetrating the alleged acts of sexual abuse against E.H. *See Lewis v. State*, 676 S.W.2d 136, 139 (Tex. Crim. App. 1984); *Sarabia*, 227 S.W.3d at 324. Further, because this case involved continuous sexual abuse of a child over a period of time, evidence of appellant's state of mind and relationship with E.H. during that time period was relevant. *See* Tex. Code Crim. Proc. art. 38.37. The evidence of the couch incident is probative of appellant's conduct toward E.H., the nature of their relationship, his mental state, and his treatment of her during the time frame of the alleged sexual abuse. *See Burke v. State*, 371 S.W.3d 252, 257-58 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed) (evidence of defendant's previous molestations of complainant was probative of relationship between defendant and complainant). The factor regarding the probativeness of the evidence weighs in favor of admissibility.

The evidence had little potential to impress the jury in an irrational way. The State offered only a brief description of appellant's admission and account of the incident. The Texas Court of Criminal Appeals has recognized that "sexually related bad acts and misconduct involving children are inherently inflammatory." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013) (citing *Wheeler*, 67 S.W.3d at 889; *Montgomery*, 810 S.W.2d at 397). However, the plain language of Rule 403 "does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Id.* Rule 403 only addresses "unfair" prejudice, which refers "to

16

relevant evidence's tendency to tempt the jury into finding guilt on grounds *apart from* proof of the offense charged." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (emphasis added). Here, the complained-of evidence established appellant's state of mind when he committed the charged offense; thus, the evidence does not "suggest a decision on an improper basis," *see Davis*, 329 S.W.3d at 806, and did not tend to confuse or distract the jury from the main issues in the case, *see Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Also, appellant's admission regarding the couch incident was "much less serious and potentially inflammatory" than the multiple acts of sexual abuse that the State alleged that appellant perpetrated against E.H in the charged offense. *See Rivera v. State*, 269 S.W.3d 697, 706 (Tex. App.—Beaumont 2008, no pet.) (holding that extraneous evidence of "inappropriate conversation, touching, kissing, showing of pornographic materials, and an unsuccessful attempt to touch [the complainant's] penis" was less prejudicial and potentially inflammatory than charged offenses that alleged "multiple instances of oral and anal penetration over a period of approximately two years"). The second factor—the potential the evidence has to impress the jury in some irrational but indelible way—also favors admissibility.

Next, the State spent relatively little time developing the evidence regarding the couch incident and appellant's admission. *See Mechler*, 153 S.W.3d at 441 (favoring admissibility when developing evidence "would not require an undue amount of time."). The captain's testimony in front of the jury took very little time to develop, consisting of only five pages of the record. This factor, the time spent in developing the evidence, also favors admissibility.

17

Finally, we address the State's need for the evidence. The State argues that "in a case of a child alleging sexual abuse [by an adult] with no physical evidence, there is a strong need" for the State to admit this evidence. We agree. The Texas Court of Criminal Appeals has explained:

> [S]exual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence. Thus, the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such "he said, she said" cases.

*Hammer*, 296 S.W.3d at 561-62. Here, there was no physical evidence (such as medical evidence or scientific evidence) and no eyewitness to corroborate E.H.'s testimony; thus, the State needed the evidence of appellant's extraneous conduct and admission to becoming sexually aroused by physical contact with E.H. to lend credibility to her testimony. In addition, the State had to prove appellant's mental state. *See* Tex. Penal Code §§ 21.02(b), (c)(4), 22.021 (1)(B) (requiring proof that alleged acts of sexual abuse, aggravated sexual assault of child, were done "intentionally or knowingly"). To prove intent, the State may rely upon circumstantial evidence, including evidence of other relevant bad acts. *See Guevara*, 152 S.W.3d at 50 ("Intent may also be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant."). Based on the foregoing, we agree that the State's need for the evidence was strong. This factor also favors admissibility.

In sum, the evidence of appellant's admission to becoming aroused by his contact with E.H. during the tickle game on the couch was probative, with little danger that it would impress the jury in some irrational way, took little time to develop, and was relied on by the State to show appellant's state of mind and relationship with E.H. Thus, after considering all of the Rule-403

factors, and bearing in mind that Rule 403 should be "used sparingly to exclude relevant, otherwise admissible evidence" in these types of cases, *see Hammer*, 296 S.W.3d at 562, we conclude that appellant has not established that the trial court committed a "clear abuse of discretion" when it concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence and admitted the captain's testimony about appellant's statements. *See Russo v. State*, 228 S.W.3d 779, 799 (Tex. App.—Austin 2007, pet. ref'd) ("In evaluating the trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment 'rarely and only after a clear abuse of discretion,' recognizing that the court below is in a superior position to gauge the impact of the relevant evidence."). We overrule appellant's third point of error.

*Denial of Confrontation*

Appellant complains in his fourth point of error that the admission of his statements from his post-polygraph interview (concerning the tickle-game incident on the couch) violated his right to confrontation because, according to appellant, he was unable to utilize the video recording of that interview in his cross-examination of Captain Espinosa. This purported inability resulted from the fact that the polygraph equipment was visible on the video, so that if appellant had shown the video during his cross-examination, the jury would have seen the equipment and known that appellant had taken a polygraph.

The Confrontation Clause of the Sixth Amendment provides a right in both federal and state prosecutions to confront and cross-examine adverse witnesses. U.S. Const. amends. VI, XIV; *Pointer v. Texas*, 380 U.S. 400, 406 (1965); *Woodall v. State*, 336 S.W.3d 634, 641 (Tex. Crim. App. 2011). It is the "literal right to 'confront' the witness at the time of trial that forms the

19

core of the values furthered by the Confrontation Clause." *California v. Green*, 399 U.S. 149, 157 (1970). However, "'the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Woodall*, 336 S.W.3d at 643 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 19 (1985)) (emphasis in original). The "'Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose [forgetfulness, confusion, or evasion] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony.'" *Id.* (quoting *Fensterer*, 474 U.S. at 21-22).

Neither the existence of an evidentiary item nor its character violate a person's right of confrontation. Evidence simply is what it is. The character of the evidentiary item at issue here was that the video recording of the polygraph examination displayed the polygraph equipment. Accordingly, appellant's counsel opted not to utilize the video in his cross-examination of Captain Espinosa. However, the trial court did not preclude him from doing so. Simply because appellant could not cross-examine the captain in the manner he wanted (or preferred) does not mean appellant was denied the right to confront the officer. Captain Espinosa testified at trial and was subject to cross-examination regarding the statements appellant made to him and the conditions and circumstances under which he made them. Discerning no violation of appellant's confrontation rights, we overrule appellant's fourth point of error.

## CONCLUSION

Having overruled appellant's four points of error, we affirm the trial court's judgment of conviction.

20

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   December 30, 2014

Do Not Publish